FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 1 7 2017

RICK WARREN
COURT CLERK
89_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

KIMBERLY ARCHEY,

    Plaintiff;

vs.

BFL-MGMT., INC. d/b/a
BUY FOR LESS,

    Defendant.

Case No. CJ-2017-2207

## PETITION

Plaintiffs, Kimberly Archey, brings this cause of action against BFL-MGMT., Inc. d/b/a Buy for Less ("Buy for Less"), and states as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Labor Standards Act ("FLSA") in connection with Plaintiff's employment. Plaintiff seeks unpaid compensation, liquidated damages, attorneys' fees, costs, and all other legal and equitable relief available.

2. This action is brought because Defendant misclassified Plaintiff as an exempt employee and Defendant's failure to maintain proper records in accordance with the FLSA. Defendant paid Plaintiff as a salary employee with no additional compensation for overtime hours



worked. Plaintiff worked more than sixty hours per workweek; however, Defendant refused to allow Plaintiff to use the timeclock.

## JURISDICTION AND VENUE

3. All of the claims herein arose in Oklahoma County, Oklahoma.

4. Defendant conducts business in Oklahoma County, Oklahoma.

5. Venue is proper in this Court, pursuant to 12 Okla. Stat. § 134, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of the Court, and because the Defendant conducts business within this Court's jurisdiction.

## STATEMENT OF FACTS

*Defendant is an Employer as Defined by the FLSA*

6. Defendant is an "Employer" as defined by the FLSA. *See* 29 USC § 203(d).

7. Defendant is an "Enterprise" within the meaning of the FLSA. *See* 29 USC § 203(r).

8. Defendant is a domestic for profit business corporation.

9. Defendant sells products that have been shipped across state lines.

10. Defendant purchases products from distributors outside of the State of Oklahoma.

11. Defendant owns and operates, at minimum, six retail stores in the Oklahoma City area under the name of Buy for Less and/or Super Mercado.

12. Defendant employs individuals that act in the interest of the company and its services offered and act for the common business purpose of providing the services offered, which includes, but is not limited to, providing guest service and assistance, contributing to store sales and revenue, performing inventory tasks.

13. Defendant is engaged in commerce or in the production of goods for commerce and its employees handle products that have been moved in commerce. *See* 29 USC § 203(s)(1). For example, Defendant purchases inventory from distributors outside of the State of Oklahoma and its employees handle products that have been moved in commerce, which includes, but is not limited to, cash registers, tools, food, mops, buckets, and cleaning supplies.
*See* 29 USC § 203(s)(1)(A)(i).

14. Defendant has annual gross volume of sales made or business done that is not less than $500,000.00, exclusive of excise taxes at the retail level that are separately stated. *See* 29 USC § 203(s)(1)(A)(ii).

*Plaintiff was Defendant's Employee*

15. Plaintiff is a female citizen of the United States and a resident of Oklahoma.

16. Plaintiff was an employee of Defendant, as defined by the FLSA.

17. Plaintiff from January 1, 2014, to present, Plaintiff never acted as an independent contractor for Defendant.

18. From April 10, 2014, to September 22, 2016, at minimum, Plaintiff received signed paychecks from Defendant with payroll tax withholdings.

19. Defendant was able to hire and fire Plaintiff.

20. Defendant instructed Plaintiff where to work.

21. Defendant instructed Plaintiff on how to perform her job.

22. Defendant set Plaintiff's pay rate.

23. Defendant set Plaintiff's hours of work.

24. Defendant signed Plaintiff's paychecks.

25. Defendant provided Plaintiff some or all of the equipment necessary to perform her job requirements.

26. Defendant maintained all or some of Plaintiff's payroll records.

*Plaintiff was not an Exempt Employee under the FLSA*

27. Defendant employed Plaintiff, at minimum, during the period of April 10, 2014, to September 22, 2016.

28. Defendant hired Plaintiff in the year 1995.

29. Defendant fired Plaintiff September 22, 2016.

30. Plaintiff's job title for the Defendant was Bakery Deli Manager during the period of April 10, 2014, to September 22, 2016.

31. Plaintiff's job titles during her entire time of employment with Defendant varied from cake decorator to bakery deli manager.

32. While Plaintiff was a cake decorator for Defendant, her job responsibilities include mixing icing, spreading icing, using food dyes, ensuring food is properly maintained, organizing the storage room, reading and executing daily production lists, assisting with inventory control, stocking products, taking orders, conducting sales, managing employees, and setting schedules.

33. While Plaintiff was a cake decorator for Defendant, eighty percent of her work was devoted to cake decorator tasks and twenty percent of her work devoted to managing employees and setting schedules.

34. Defendant's employees who are cake decorators are non-exempt under the FLSA.

35. While Plaintiff was a bakery deli manager for Defendant, her job responsibilities were substantially the same as her job responsibilities as a cake decorator.

36. While Plaintiff was a bakery deli manager for Defendant, the same amount of work was devoted to non-management tasks compared to management tasks just as it was when she was a cake decorator.

37. Defendant's employees who are deli managers are non-exempt under the FLSA.

38. In terms of managerial responsibilities, a deli manager and a bakery deli manager are the same.

39. Plaintiff was not able to hire individuals to work for Defendant.

40. Plaintiff was not able to fire individuals who worked for Defendant.

*Defendant paid Plaintiff in violation of the FLSA*

41. Defendant's employees who are deli managers are paid hourly wages and overtime pay at one and one half times the hourly rate for hours in excess of forty in a workweek.

42. Plaintiff performed work in excess of forty hours per workweek for Defendant on at least fifty occasions between April 10, 2014, to September 22, 2016.

43. Defendant required Plaintiff to work, at minimum, fifty-five hours per workweek.

44. While Plaintiff was a cake decorator for Defendant, Plaintiff was paid hourly for all hours worked, including overtime hours at one and one-half the normal hourly pay rate.

45. Defendant changed Plaintiff's job title from cake decorator to bakery deli manager, yet she kept the same or substantially similar job responsibilities, and paid Plaintiff $750 per workweek no matter the number of hours worked.

46. Plaintiff, on average, worked between sixty-five and seventy hours per workweek and earned a salary of $750 per week. Plaintiff's average hourly rate was $8.77 to $9.70 per hour.

47. Defendant's cake decorators earn more than $8.50 per hour.

48. Defendant's cake decorators earn more than $9.00 per hour.

49. Defendant's cake decorators earn more than $9.45 per hour.

50. Plaintiff managed at least one employee that earned more than $10.00 per hour.

51. Plaintiff managed at least one employee that earned more than $11.00 per hour.

52. Plaintiff managed at least one employee that earned more than $11.75 per hour.

*Defendant violates FLSA Recordkeeping requirements*

53. Defendant does not have records of all hours Plaintiff worked in each day from April 10, 2014, to September 22, 2016.

54. Defendant does not have records of all hours Plaintiff worked in each workweek from April 10, 2014, to September 22, 2016.

55. Defendant does not have records of the daily or weekly straight-time earnings for Plaintiff from April 10, 2014, to September 22, 2016.

## CAUSE OF ACTION: VIOLATIONS OF 29 USC § 207(a) OF THE FLSA FOR FAILURE TO PAY OVERTIME PAY (Individual Action)

56. Plaintiffs incorporate and reallege, in full, all preceding paragraphs of this Petition.

57. Defendant, in many workweeks, have violated the provisions of 29 USC § 207(a) FLSA by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than those prescribed in the FLSA without compensating the Plaintiff for her employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

58. Defendant is liable for unpaid overtime compensation and unpaid compensation and an amount equal in liquidated damages under 29 USC § 216. In addition, Defendant is liable to Plaintiff for attorneys' fees and costs associated with this case.

59. At all material times to this action, Defendant was, or still is, an employer within the meaning of the FLSA.

60. At all material times to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

61. Defendant's violations of the FLSA were/are willful.

## RELIEF REQUESTED

62. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered damages described here after and requests the following relief described hereafter.

63. Defendant must pay Plaintiff the full value of all wages earned and due, including time worked without compensation and time worked in excess of forty hours that was not compensated at a rate of one and one half times the employee's hourly rate.

64. Defendant must pay Plaintiff her attorneys' fees and costs.

65. Defendant must pay Plaintiff liquidated damages.

Respectfully submitted,

/s/ D. Colby Addison

D. Colby Addison, OBA #32718
Chris Hammons, OBA #20233
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile:  405.703.4067
E-mail:     colby@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**